IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DERRICK ADRIAN JOHNSON §
§
Plaintiff, §
§
VS. § NO. 3-10-CV-0726-K
§
BRANDON McCARTHY, ET AL. §
§
Defendants. §

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Derrick Adrian Johnson, a federal prisoner, against two federal prosecutors, the Dallas Police Department and three of its officers, and a civilian witness who testified in his trial. On April 9, 2010, plaintiff tendered a complaint to the district clerk and subsequently filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 31, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In 2008, defendant was sentenced to 115 months in prison following his conviction on federal bank robbery charges. His direct appeal was dismissed and a section 2255 motion for post-conviction relief is currently pending before another judge in this district. In the instant civil action, defendant alleges that he was arrested without probable cause, unlawfully detained, interrogated without counsel present, and forced to "dress up" in attire so photographs could be taken by the police. (*See* Plf. Compl. at 3; Mag. J. Interrog. #1(b)). Plaintiff also complains that two prosecutors withheld exculpatory evidence, three Dallas police officers and a civilian witness gave perjured testimony, and he received ineffective assistance of counsel at trial. (*See* Plf. Compl. at 3; Mag. J. Interrog. #1, 3, 6). By this suit, plaintiff, who maintains his innocence, seeks more than $500,000 in damages and an investigation of his allegedly improper conviction.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Johnson v. Dallas City Police Dep't*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas police department not a proper defendant with jural existence); *Bridges v. Rossi*, No. 3-96-CV-0488-X, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (same). Because plaintiff fails to allege or otherwise demonstrate that the Dallas Police Department is a separate legal entity having jural authority, his claims against this defendant must be dismissed.

C.

Nor can plaintiff sue the two federal prosecutors and the civilian witness who participated in his trial. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Witnesses also have absolute immunity based on their testimony in a criminal trial. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1912 (2002), *citing*

*Briscoe v. LaHue*, 460 U.S. 325, 329-31, 103 S.Ct. 1108, 1112-14, 75 L.Ed.2d 96 (1983). The claims against these defendants should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(iii).

D.

Moreover, all of plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. This rule applies equally to civil rights actions against federal employees under *Bivens*. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

It is clear from plaintiff's complaint, interrogatory answers, and a review of the docket in the underlying criminal proceeding that no court has ever reversed or invalidated his federal bank robbery conviction. (*See* Mag. J. Interrog. #5). Consequently, plaintiff's civil rights claims are *Heck*-barred. *See Williams v. City of Dallas Police Dept.*, No. 3-09-CV-0275-P, 2009 WL 812239 at *3 (N.D. Tex. Mar. 26, 2009) (collecting cases); *United States v. Odiodio*, No. 3-99-CR-236-D(02), 2002 WL 32765642 at *2 (N.D. Tex. Mar. 26, 2002), *aff'd*, 61 Fed.Appx. 917, 2003 WL 1098864 (5th Cir. Feb. 12, 2003) (applying *Heck* to civil rights action seeking damages against the federal government and others for giving false testimony at criminal trial).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE